# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| RAUL LOPEZ, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 08-CV-0505-CVE-FHM |
| | ) | |
| JAMES RUDEK, Warden | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action commenced by Petitioner, a state inmate appearing *pro se*. Respondent filed a response (Dkt. # 9) to the petition, and has provided the state court records necessary for adjudication of Petitioner's claims (Dkt. ## 9, 10, 11). Petitioner filed a reply (Dkt. # 13). For the reasons discussed below, the Court finds the petition shall be denied.

### *BACKGROUND*

On July 22, 2005, at approximately 8:15 a.m., Oklahoma Highway Patrol Trooper Patrick Davis stopped a car for speeding on the Will Rogers Turnpike in Rogers County. Amy Compton was the driver and Petitioner was the passenger. Because the driver and passenger were both acting very nervous, Trooper Davis obtained consent from the driver to search the car. He found two glass smoking pipes in the door console on the passenger side, and a loaded syringe containing a clear liquid near the center console. He also found two crystal rocks on the floor. Both the rocks and the liquid in the syringe tested positive for methamphetamine in a field test. The officer conducted a pat down search of Petitioner, but found no weapons or drugs. As a result of these events, Petitioner and the driver of the car were arrested and transported to the Rogers County jail. At the jail, Trooper Davis conducted a more thorough search of Petitioner and discovered a clear baggie of white powder

in the crotch area of his pants. The powder was later was determined to be approximately 20 grams of methamphetamine. Petitioner was charged by Amended Information in Rogers County District Court, Case No. CF-2005-430, with Trafficking in Illegal Drugs, After Former Conviction of Two or More Felonies (Count 1), Bringing Contraband into Jail (Count 2), and Unlawful Possession of Drug Paraphernalia (Count 3).

The State dismissed Count 2. After a jury trial, Petitioner was convicted of Count 1 and received a mandatory sentence of life without the possibility of parole, plus a $25,000 fine. The jury acquitted him of Count 3. Petitioner did not testify at trial. On May 2, 2007, the trial court judge sentenced Petitioner on Count 1 in accordance with the jury's recommendation. Petitioner was represented during trial proceedings by attorney Tim Wantland.

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Bill Zuhdi, he raised five (5) propositions of error:

> Proposition One: Mr. Lopez received ineffective assistance of trial counsel in violation of the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution.
>
> Proposition Two: Testimony by Trooper Davis constituted an evidentiary harpoon, prejudicing Mr. Lopez's rights to a fair trial pursuant [to] U.S. Const. Amendments V, VI, and XIV and Okla. Const., Article II, § 20.
>
> Proposition Three: Prosecutor misconduct unfairly tainted the jury against Mr. Lopez, rendering his trial proceedings fundamentally unfair prejudicing Mr. Lopez's rights to a fair trial pursuant [to] U.S. Const. Amendments V, VI, and XIV and Okla. Const., Article II, § 20.
>
> Proposition Four: The evidence was insufficient to support the conviction for trafficking methamphetamine.
>
> Proposition Five: The trial errors complained of herein cumulatively denied Mr. Lopez's right to a fair trial under the United States and Oklahoma Constitution and therefore, his conviction and sentence must be reversed.

See Dkt. # 9, Ex. 1. In an unpublished opinion filed May 16, 2008, in Case No. F-2007-494 (Dkt. # 9, Ex. 3), the OCCA rejected all claims and affirmed the Judgment and Sentence of the trial court. Nothing in the record suggests Petitioner filed an application for post-conviction relief.

Petitioner filed his federal habeas corpus petition on September 3, 2008 (Dkt. # 1), raising the following four (4) grounds of error:

Ground One: Ineffective assistance of trial counsel.

Ground Two: Testimony by Trooper Davis constituted an evidentiary harpoon.

Ground Three: Prosecutorial misconduct.[1]

Ground Four: The evidence was insufficient to support the conviction for trafficking methamphetamine.

See Dkt. # 1. In response to the petition, Respondent asserts that Petitioner's claims are not cognizable or do not justify relief, and Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d). See Dkt. # 9.

*ANALYSIS*

A.   **Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b), (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his claims to the OCCA on direct appeal. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

---

[1] In a handwritten page attached to his petition, Petitioner describes his ground three claim as "Failure to Object to Prosecutor Misconduct." See Dkt. # 1 at page 21 of 21. Accordingly, the Court will analyze this claim as part of the ground one claim of ineffective assistance of trial counsel.

3

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.      Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In this case, the OCCA adjudicated Petitioner's grounds 1-4 on direct appeal. Therefore, those claims will be reviewed pursuant to § 2254(d).

### 1. Ineffective assistance of counsel (grounds 1, 3)

In his first ground for relief, Petitioner complains that trial counsel provided constitutionally ineffective assistance because he informed the jury during voir dire that Petitioner had prior convictions. Following the standards defined in Strickland v. Washington, 466 U.S. 668, 687 (1984), the OCCA denied relief on direct appeal, finding as follows:

> Appellant cannot show here that counsel's strategic decision -- made in consultation with his client -- to admit Appellant's prior convictions in *voir dire* was an error so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. Counsel was properly functioning as an adviser and advocate for his client, attempting to navigate the difficult problem of Appellant's prior criminal record and its effect on Appellant's ultimate credibility as a witness. Counsel apparently believed that he could "enhance the credibility of the defense in the eyes of the jury by admitting up front to the conviction[s]." *Williams v. State*, 2001 OK CR 9, ¶ 104, 22 P.3d 702, 726. *Strickland* does not require that counsel choose the most advantageous strategy; a strategic decision made after investigation of the facts is virtually unchallengeable. *Grant v. State*, 2004 OK CR 24, ¶ 4, 95 P.3d 178, 179.

See Dkt. # 9, Ex. 3. The OCCA concluded that counsel's admission of Petitioner's prior convictions to the jury during voir dire was a matter of sound trial strategy[2] and was not deficient under prevailing professional norms. Further, the court found "no reasonable probability that, but for counsel's alleged errors, the outcome of the trial would have been different." Id.

To be entitled to habeas corpus relief on this claim of ineffective assistance of counsel, Petitioner must demonstrate that the OCCA's adjudication of this claim was an unreasonable

---

[2] The Court notes that trial counsel made an in camera record before the reading of the Information in which he advised the court that he had discussed trial strategy with Petitioner, and it was agreed that it would be a one stage trial with evidence of Petitioner's prior convictions coming before the jury in the first stage. Trial counsel specifically told the court that he had advised his client that, "[T]he jury would be aware of his previous convictions, as a trial strategy." See Dkt. # 11-3, Tr. Trans. at 189. Accordingly, the second page of the Information (containing prior convictions) was read to the jury at the beginning of the trial. Id. at 193-94.

application of Strickland. Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). If Petitioner is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. Strickland, 466 U.S. at 700. Thus, it is not always necessary to address both Strickland prongs.

Without analyzing the deficient performance prong, the Court agrees with the OCCA that Petitioner cannot satisfy the prejudice prong of the Strickland standard. The State's evidence against Petitioner was strong. The evidence that Petitioner knowingly possessed over 20 grams of methamphetamine was unrefuted. A baggie containing the methamphetamine fell out of his pants

in front of at least two law enforcement officers while he was changing into jail clothes at the jail. There was no question of guilt, and no question of guilt on his two prior drug convictions. Under Oklahoma law, a conviction for trafficking in illegal drugs after two or more previous drug related felony convictions carries a mandatory term of life imprisonment without the possibility of parole. See Okla. Stat. tit. 63, § 2-415(D)(3). Even if trial counsel performed deficiently in telling the jury about Petitioner's prior convictions early in the trial, Petitioner cannot show that the results of the proceeding would have been different but for counsel's deficient performance. Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). He is not entitled to habeas corpus relief on his ground one claim.

In ground three, Petitioner argues that trial counsel was ineffective for failing to object to prosecutorial misconduct. More specifically, he claims that some of the prosecutor's questions during voir dire regarding the potential jurors' knowledge and experiences related to drug use or abuse by friends or family members injected societal alarm into his trial. He contends that he was unduly prejudiced by his attorney's failure to object to these voir dire inquiries made by the prosecutor.

On direct appeal, Petitioner raised the prosecutorial misconduct claim as a separate proposition of error in addition to his claim that his trial counsel was ineffective for failing to object. The OCCA denied relief on the prosecutorial misconduct claim, finding the prosecutor's challenged questions and comments did not result in unfair prejudice to Petitioner (Dkt. # 9, Ex. 3 at 6). Further, the OCCA concluded that trial counsel was not ineffective for failing to object to the prosecutor's questions and statements because there is "no reasonable probability that, but for counsel's alleged

7

errors, the outcome of the trial would have been different." Id. at 4. The Court agrees that Petitioner was not prejudiced by trial counsel's failure to object to the prosecutor's questions regarding venire members' familiarity with drug use and abuse. Petitioner has not demonstrated that the OCCA's denial of this claim was contrary to, or an unreasonable application of, Strickland. 28 U.S.C. § 2254(d)(1). Habeas relief shall be denied on Petitioner's ground three claim.

### 2. Evidentiary harpoon (ground 2)

As his second proposition of error, Petitioner asserts that the testimony of Oklahoma Highway Patrol Trooper Davis that he discovered several aliases for Petitioner indicating "he was trying to conceal his criminal history or conceal that he was possibly wanted somewhere for another crime" was an evidentiary harpoon that deprived Petitioner of a fair trial. See Dkt. # 11-3, Tr. Trans. at 233-34. The OCCA rejected this claim, as follows:

> This testimony is not an evidentiary harpoon. First, the statement was responsive to a question that drew no objection, rather than the spontaneous or non-responsive statement typical of an evidentiary harpoon. Second, Trooper Davis did not inject *improper* evidence of other crimes. His inference about the likely purpose behind Appellant's use of aliases is borne out in our case law. See *Frederick v. State*, 2001 OK CR 34, ¶ 19, 37 P.3d 908, 921 (multiple murderer, who was ex-police officer, used aliases to "in order to avoid confrontation from the law"); *Charm v. State*, 1996 OK CR 40 ¶ 55, 924 P.2d 754, 769 (cross-examination of defendant regarding use of aliases to avoid arrest was proper). Appellant gave various names at the time of his arrest, and the judgments and sentences admitted to show Appellant's prior convictions also showed different names, making his use of aliases probative of efforts to conceal his identity. *Powell v. State*, 2000 OK CR 5, ¶¶ 16, 102-103, 995 P.2d 510, 533 (use of alias indicated effort to conceal identity). We find no plain error in the admission of this evidence. Proposition Two is denied.

(Dkt. # 9, Ex. 3 at 5). Respondent contends that Petitioner's evidentiary harpoon issue is not cognizable on habeas review because it concerns a state evidentiary ruling.

"[E]rrors in the admissibility of evidence are not grounds for habeas corpus relief absent fundamental unfairness so as to constitute a denial of due process of law." Martin v. Kaiser, 907

8

F.2d 931, 934 (10th Cir. 1990). In a due process challenge to the admission of evidence, Petitioner is not entitled to relief unless he can demonstrate that the evidence introduced is "so unduly prejudicial that it renders the trial fundamentally unfair." Welch v. Sirmons, 451 F.3d 675, 692 (10th Cir. 2006) (quoting Payne v. Tennessee, 501 U.S. 808, 825 (1991)). Petitioner has failed to demonstrate how the comments made by Trooper Davis in response to the prosecutor's questions rendered his trial fundamentally unfair. He has not shown how the OCCA's denial of this claim was an unreasonable application of Supreme Court law. Accordingly, Petitioner's request for relief on his claim of an evidentiary harpoon shall be denied.

### 3. Insufficient evidence (ground 4)

In his fourth proposition of error, Petitioner claims that the State presented insufficient evidence to support his conviction for trafficking methamphetamine. He argues that two of the State's witnesses gave conflicting testimony about the weight of the methamphetamine. Petitioner's ground four argument is a shortened version of the same claim presented on direct appeal. The OCCA rejected the claim as follows:

> Appellant argues in Proposition Four the evidence is insufficient to convict him of trafficking in illegal drugs. We review the evidence to determine whether any rational trier of fact could find the elements of the offense proved beyond a reasonable doubt. *Spuehler v. State*, 1985 OK CR 132, 709 P.2d 202. The State presented direct testimony that the substance obtained from Appellant's pants weighed 20.97 grams on a digital scientific scale calibrated monthly for accuracy. This established the required quantity for a charge of trafficking. With an abundance of caution, the District Court instructed the jury on the lesser offense of unlawful possession of methamphetamine. The jury clearly found the evidence of quantity supported the greater offense of trafficking in illegal drugs. Because this finding is rationally based on the evidence, we will not disturb it on appeal. Proposition Four is denied.

(Dkt. # 9, Ex. 3 at 6-7).

9

In a habeas proceeding, the Court reviews the sufficiency of the evidence "in the light most favorable to the prosecution" and asks whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This standard of review respects the jury's responsibility to weigh the evidence and to draw reasonable inferences from the testimony presented at trial." Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004) (citing Jackson, 443 U.S. at 319). In other words, it "impinges upon 'jury' discretion only to the extent necessary to guarantee the fundamental protection of due process of law." Jackson, 443 U.S. at 319.

The Court finds that the evidence was sufficient for a rational fact-finder to have found beyond a reasonable doubt that Petitioner was guilty of Trafficking in Illegal Drugs. Upon review of the evidence in the light most favorable to the prosecution, the Court finds sufficient evidence supported the conviction. To convict Petitioner of trafficking in illegal drugs, the State had to prove beyond a reasonable doubt that he knowingly possessed "twenty (20) grams or more of a mixture or substance containing a detectable amount of amphetamine or methamphetamine." Okla. Stat. tit. 63, §2-415(C)(4)(a). Trooper Davis testified that he weighed the substance on a general scale in his office and determined that there was "approximately twenty grams" of methamphetamine (Dkt. # 11-3, Tr. Trans. at 228). He stated that the purpose of using the scale was to get a general weight to see if there was enough to constitute a trafficking charge. Id. He did not remember the exact weight "for sure," but there was no question it was over 20 grams, and believed "it was somewhere around twenty-two or twenty-one grams." Id. at 229-30. He admitted that he is not trained to obtain an exact weight of a substance, but only to have an idea what the charges would be. Id. at 228-29. Jason McGinnis, a criminalist with the Oklahoma State Bureau of Investigation, testified that he tested and

weighed the substance found in Petitioner's pants on a digital, scientific, calibrated scale. See Dkt. # 11-4, Tr. Trans. at 301-04. His tests revealed the substance was methamphetamine, and weighed 20.97 grams. Id. at 301. Although there was some discrepancy in the testimony of these two witnesses concerning the weight of the methamphetamine, both testified that the amounts exceeded 20 grams. Thus, Petitioner's claim that the State did not produce sufficient evidence for his conviction is without merit.

The Court concludes that the evidence was sufficient to support Petitioner's conviction and the OCCA's resolution of Petitioner's challenge to the sufficiency of the evidence was not contrary to or an unreasonable application of federal law, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Tenth Circuit has yet to decide whether sufficiency of the evidence on habeas review presents a question of law or fact). Petitioner is not entitled to habeas corpus relief on this claim.

## C. Certificate of appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. See Dockins, 374 F.3d at 938. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) is **denied**. A separate judgment in favor of Respondent shall be entered in this matter. A certificate of appealability is **denied**.

**DATED** this 16th day of February, 2012.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT